WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.
330 East Kilbourn Avenue, Suite 725, Milwaukee, WI 53202-3141
414-727-WILL (9455)
Fax 414-727-6385
www.will-law.org

April 3, 2020

**SENT VIA EMAIL TO: jkonrath@co.marquette.wi.us**

Joseph Konrath, Sheriff
Marquette County
67 W. Park Street
PO Box 630
Montello, WI 53949

We represent Rick & Angela Cohoon and their daughter Amyiah. As you may know, Amyiah recently suffered a severe upper respiratory illness with symptoms matching those of COVID-19. She was initially treated at Divine Savior Hospital in Portage, and the doctors there indicated to the Cohoons that Amyiah likely had COVID-19 but could not be tested due to the testing criteria at the time, so they sent her home with instructions to strictly self-quarantine. Three days later, Amyiah's symptoms worsened, and she was taken by ambulance to a hospital in Madison, where she was finally tested. Although she tested negative for COVID-19, the doctors there told the Cohoons that, in their opinion, Amyiah likely had COVID-19, but had missed the window for testing positive. The Cohoons believed and still believe the doctors' diagnosis.

While she was in the hospital, Amyiah posted about her experience on Instagram. During this trying time, the Cohoons notified multiple staff at Amyiah's school about her condition so that the school could warn other parents whose children had recently been on a spring break trip to Florida with Amyiah. The Cohoons believed that was the right thing to do given that COVID-19 is so contagious, and they assumed that the Westfield School District would take responsible actions to warn the other parents.

However, the School District instead took action *against* the Cohoons. It is our understanding that Robert Meicher, the Westfield School District Administrator, complained to you and that you then sent a deputy to the Cohoons' home. On March 27, Patrol Sergeant Cameron Klump came to the Cohoons' home and demanded that Amyiah remove her Instagram posts, and that, if she did not comply, he would cite the Cohoons and/or Amyiah for disorderly conduct and would arrest them and bring them or their daughter to jail. Patrol Sergeant Klump communicated to the Cohoons that he was acting on your direct orders. Mr. Cohoon initially refused to comply, but Amyiah agreed to remove the posts out of fear that her parents might be taken to jail.

Your orders and Patrol Sergeant Klump's actions in this matter blatantly violated our clients' constitutional rights. Social media posts are unquestionably speech protected by the First Amendment, *e.g. Packingham v. North Carolina*, 137 S. Ct. 1730, 1737 (2017), and law

enforcement may not threaten punishment for exercising First Amendment rights, *e.g.*, *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019); *Surita v. Hyde*, 665 F.3d 860, 878–79 (7th Cir. 2011); *In re Douglas D.*, 2001 WI 47, ¶ 41, 243 Wis. 2d 204, 626 N.W.2d 725. Even setting aside the First Amendment issue, your order to cite the Cohoons for disorderly conduct is clearly an abuse of that ordinance, as neither Amyiah's posts nor her refusing to take them down could lawfully be prosecuted as "disorderly conduct" under Marquette County's ordinance or the corresponding state statute. *See Douglas D.*, 2001 WI 47, ¶ 41 (disorderly conduct statute may not be enforced against First Amendment protected speech). Your actions are particularly troubling in light of the fact that they were taken against a high school student who simply wished to communicate with her friends about a serious medical issue she was facing. The COVID-19 pandemic and state-wide quarantine are difficult for everyone, and communicating with friends and loved ones is one the few ways people have to ease that difficulty.

If you believe that anything contained in this letter is inaccurate, we ask that you tell us what you believe to be inaccurate and that you set forth what you believe to be the accurate facts. We also request, pursuant to Wisconsin's Open Records Law, Wis. Stats. §§ 19.31–19.39, that you produce any and all documents in your possession which would support your belief as to the facts and/or which relate to the Cohoons in any way. That would include, but not necessarily be limited to, any of the following, between March 20 and April 1: (1) any complaint received by you or your department relating to the Cohoons, including Amyiah, (2) any documents received by you or your department from the Westfield School District concerning the Cohoons, including Amyiah, (3) any documents sent by you or your department to the Westfield School District concerning the Cohoons, including Amyiah, (4) any documents that led to Patrol Sergeant Klump's visit to the Cohoons' home on March 27th, (5) any report or reports prepared by Patrol Sergeant Klump relating to his visit to the Cohoons' home on March 27th, (6) any text messages or other electronic messages between you and Robert Meicher regarding the Cohoons or Amyiah's posts, and (7) any messages on any electronic messaging system between you and Patrol Sergeant Klump, or between you and any other employees of the Sheriff's department regarding the Cohoons or Amyiah's posts.

Based upon the information set forth above and barring any mitigating information to be supplied by you, on behalf of the Cohoons, we are asking you to do two things:

1. Confirm in writing that Amyiah and the Cohoons may freely exercise their First Amendment rights on social media, including reposting the posts they were told to remove, and that you and your staff will not cite them for disorderly conduct (or any other crime), arrest or jail them, or threaten any of the above, for exercising their First Amendment rights.

2. Issue a public, written apology to the Cohoons for your actions in this matter.

Please respond by the end of the day on Tuesday, April 7. If you do not respond, we are prepared to take further action to protect the rights of our clients.

Sincerely,

Wisconsin Institute for Law & Liberty

*/s/ Luke N. Berg*
Luke N. Berg
Deputy Counsel
luke@will-law.org
(414)727-7361