AMYIAH COHOON, a minor,
by and through her parents,
Richard Cohoon and Angela Cohoon,

    Plaintiff,

v.

                                    Case No. 2:20-CV-620-JPS

JOSEPH KONRATH and CAMERON KLUMP,

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COME these answering Defendants, Joseph Konrath and Cameron Klump, by their attorneys, CRIVELLO CARLSON, S.C., and as and for their Answer and Affirmative Defenses to Plaintiff's Complaint, hereby admit, deny, allege and show to the Court as follows:

### INTRODUCTION

1.    Answering paragraph 1 of Plaintiff's Complaint, deny that a deputy sheriff showed up at Plaintiff's home and demanded that she remove a post on social media or be cited for disorderly conduct, arrested, or jailed. As further answer, deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

## PARTIES

2. Answering paragraph 2 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

3. Answering paragraph 3 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

4. Answering paragraph 4 of Plaintiff's Complaint, admit that Joseph Konrath is the Sheriff of Marquette County, Wisconsin. As further answer, deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

5. Answering paragraph 5 of Plaintiff's Complaint, admit that Cameron Klump is a Patrol Sergeant for the Marquette County Sheriff's Office. As further answer, deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

6. Answering paragraph 6 of Plaintiff's Complaint, admit.

## JURISDICTION AND VENUE

7. Answering paragraph 7 of Plaintiff's Complaint, deny Plaintiff stated claims under 42 U.S.C. § 1983. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

8. Answering paragraph 8 of Plaintiff's Complaint, admit that venue is proper in this Court.

## STATEMENT OF FACTS

9. Answering paragraph 9 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

10. Answering paragraph 10 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

11. Answering paragraph 11 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

12. Answering paragraph 12 of Plaintiff's Complaint, admit.

13. Answering paragraph 13 of Plaintiff's Complaint, admit.

14. Answering paragraph 14 of Plaintiff's Complaint, admit.

15. Answering paragraph 15 of Plaintiff's Complaint, admit.

16. Answering paragraph 16 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

17. Answering paragraph 17 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

18. Answering paragraph 18 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

19. Answering paragraph 19 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

20. Answering paragraph 20 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

21. Answering paragraph 21 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

22. Answering paragraph 22 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

23. Answering paragraph 23 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

24. Answering paragraph 24 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

25. Answering paragraph 25 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

26. Answering paragraph 26 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

27. Answering paragraph 27 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

28. Answering paragraph 28 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

29. Answering paragraph 29 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

30. Answering paragraph 30 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

31. Answering paragraph 31 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

32. Answering paragraph 32 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

33. Answering paragraph 33 of Plaintiff's Complaint, deny that Amyiah was threatened with citation and/or arrest. As a further answer, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same and put Plaintiff to her proof.

34. Answering paragraph 34 of Plaintiff's Complaint, admit that Sergeant Klump came to the Cohoons' home on March 27, 2020. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

35. Answering paragraph 35 of Plaintiff's Complaint, deny that Sergeant Klump explained that "the school 'superintendent' had complained" but admit that Sergeant Klump told Mr. Cohoon that parents of other students had called the school complaining. As to the remaining allegations, admit.

36. Answering paragraph 36 of Plaintiff's Complaint, deny.

37. Answering paragraph 37 of Plaintiff's Complaint, deny any unlawful actions and deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise. As further answer, admit that a true and accurate copy of Sergeant Klump's incident report is attached as Exhibit 6 and that the document speaks for itself.

38. Answering paragraph 38 of Plaintiff's Complaint, deny that the description is either complete or correct and therefore deny the same putting Plaintiff to her proof.

39. Answering paragraph 39 of Plaintiff's Complaint, deny that Sergeant Klump did not contact Amyiah or the Cohoons to discuss Amyiah's symptoms or treatment – Sergeant Klump discussed Ms. Amyiah Cohoon's symptoms and treatment with Mr. Cohoon on March 27, 2020. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

40. Answering paragraph 40 of Plaintiff's Complaint, deny and put Plaintiff to her proof.

41. Answering paragraph 41 of Plaintiff's Complaint, deny and put Plaintiff to her proof.

42. Answering paragraph 42 of Plaintiff's Complaint, deny and put Plaintiff to her proof.

43. Answering paragraph 43 of Plaintiff's Complaint, deny and put Plaintiff to her proof.

44. Answering paragraph 44 of Plaintiff's Complaint, deny that Sergeant Klump threatened Amyiah with arrest or jail. Admit that Amyiah showed Sergeant Klump her Instagram account on her phone to show that she had deleted the post. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

45. Answering paragraph 45 of Plaintiff's Complaint, admit.

46. Answering paragraph 46 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

47. Answering paragraph 47 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

48. Answering paragraph 48 of Plaintiff's Complaint, admit inasmuch as the document speaks for itself.

49. Answering paragraph 49 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

50. Answering paragraph 50 of Plaintiff's Complaint, deny that Sheriff Konrath or Sergeant Klump threatened to cite or arrest Amyiah for posting about her experience and deny that there existed "threats of law enforcement looming over [Amyiah's] head." As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

51. Answering paragraph 51 of Plaintiff's Complaint, deny that the actions of Sheriff Konrath or Sergeant Klump violated Amyiah's First Amendment rights. As further answer, admit that counsel sent a letter as alleged and admit that the document attached as Exhibit 8 is a true and accurate copy of the letter sent to Sheriff Konrath. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

52. Answering paragraph 52 of Plaintiff's Complaint, admit.

53. Answering paragraph 53 of Plaintiff's Complaint, admit and affirmatively state that the document attached as Exhibit 9 speaks for itself.

54. Answering paragraph 54 of Plaintiff's Complaint, deny that Amyiah or the Cohoons were ever "threatened" and deny that Sheriff Konrath or Sergeant Klump unlawfully demanded that Amyiah delete any post from social media. As to the remaining allegations, admit that the

document attached as Exhibit 9 speaks for itself and deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise.

55. Answering paragraph 55 of Plaintiff's Complaint, deny that Sheriff Konrath or Sergeant Klump made any "threats," deny any violation of Plaintiff's First Amendment rights, and deny that any alleged fear of law enforcement monitoring Amyiah's social media is reasonable. As further answer, deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise. As to any remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

56. Answering paragraph 56 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

## CAUSES OF ACTION

### CLAIM ONE: Violation of the First and Fourteenth Amendments

57. Answering paragraph 57 of Plaintiff's Complaint, reallege and incorporate herein by reference Paragraphs 1 through 56 above as set forth herein.

58. Answering paragraph 58 of Plaintiff's Complaint, the allegations contained therein set forth legal conclusions to which no answer is required. To the extent an answer is required, admit inasmuch as the First Amendment to the United States Constitution speaks for itself and deny any violations thereunder.

59. Answering paragraph 59 of Plaintiff's Complaint, the allegations contained therein set forth legal conclusions to which no answer is required. To the extent an answer is required, admit.

60. Answering paragraph 60 of Plaintiff's Complaint, the allegations contained therein set forth legal conclusions to which no answer is required. To the extent an answer is required, admit inasmuch as 42 U.S.C. § 1983 speaks for itself and deny any violations thereunder.

61. Answering paragraph 61 of Plaintiff's Complaint, the allegations contained therein set forth legal conclusions to which no answer is required. To the extent an answer is required, deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise.

62. Answering paragraph 62 of Plaintiff's Complaint, the allegations contained therein set forth legal conclusions to which no answer is required. To the extent an answer is required, deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise. As to any remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

63. Answering paragraph 63 of Plaintiff's Complaint, the allegations contained therein set forth legal conclusions to which no answer is required. To the extent an answer is required, deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise. As to any remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

64. Answering paragraph 64 of Plaintiff's Complaint, the allegations contained therein set forth legal conclusions to which no answer is required. To the extent an answer is required, deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise. As to any remaining allegations, deny knowledge or information sufficient to form a

belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

65. Answering paragraph 65 of Plaintiff's Complaint, deny and put Plaintiff to her proof.

66. Answering paragraph 66 of Plaintiff's Complaint, the allegations contained therein set forth legal conclusions to which no answer is required. To the extent an answer is required, deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise. As to any remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

67. Answering paragraph 67 of Plaintiff's Complaint, admit that certain categories of speech are excluded from First Amendment protections and deny that none of the exceptions apply to Amyiah's speech. As to any remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

68. Answering paragraph 68 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

69. Answering paragraph 69 of Plaintiff's Complaint, deny that Defendants threatened Amyiah with citation, arrest, and jail. As to the remaining allegations, the allegations contained therein set forth legal conclusions to which no answer is required. To the extent an answer is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

70. Answering paragraph 70 of Plaintiff's Complaint, deny and put Plaintiff to her proof.

71. Answering paragraph 71 of Plaintiff's Complaint, deny and put Plaintiff to her proof.

72. Answering paragraph 72 of Plaintiff's Complaint, admit.

73. Answering paragraph 73 of Plaintiff's Complaint, deny and put Plaintiff to her proof.

74. Answering paragraph 74 of Plaintiff's Complaint, the allegations contained therein set forth legal conclusions to which no answer is required. To the extent an answer is required, deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise. As to any remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her proof.

75. Answering paragraph 75 of Plaintiff's Complaint, deny that Defendants threatened Amyiah with citation, arrest, and jail, deny that Defendants violated Plaintiff's First Amendment rights, and deny any wrongdoing, improper conduct or violation of Plaintiff's rights as alleged by Plaintiff or otherwise.

76. Answering paragraph 76 of Plaintiff's Complaint, deny and put Plaintiff to her proof.

77. Answering paragraph 77 of Plaintiff's Complaint, deny and put Plaintiff to her proof.

78. Answering paragraph 78 of Plaintiff's Complaint, deny and put Plaintiff to her proof.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses to Plaintiff's Complaint, the Defendants submit the following:

    a. The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of Plaintiff and the failure to mitigate;

    b. The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than Defendants;

c. Plaintiff cannot establish that any acts or non-acts of the Defendants caused Plaintiff's constitutional deprivations, if any;

d. Defendants are immune from suit by immunities including qualified immunity and discretionary immunity;

e. Plaintiff has failed to state claims for and is not legally entitled to compensatory damages;

f. Any injuries or damages sustained by Plaintiff are the result of an intervening and/or superseding cause preventing Plaintiff any right of recovery against Defendants;

g. At all times relevant to matters alleged in Plaintiff's Complaint, Defendants acted in good faith, in accordance with established laws and administrative rules;

h. No individual defendant can be found liable for the actions of any other individual defendant(s) under a theory of *respondeat superior*, or supervisory liability;

i. The Complaint contains allegations that fail to state claims upon which relief may be granted as against Defendants.

WHEREFORE, Defendants, Joseph Konrath and Cameron Klump, respectfully request the following relief:

1. for a dismissal of Plaintiff's Complaint upon its merits and with prejudice;

2. for the costs and disbursements of this action;

3. for reasonable actual attorneys' fees pursuant to 42 U.S.C. § 1988; and

4. for such other relief as this Court deems just and equitable.

**DEFENDANTS HEREBY DEMAND A JURY**

13
Case 2:20-cv-00620-JPS   Filed 04/24/20   Page 13 of 14   Document 13

Dated this 24th day of April, 2020.

                          By:  s/ Sara C. Mills
                                SAMUEL C. HALL, JR.
                                State Bar No.: 1045476
                                SARA C. MILLS
                                State Bar No.: 1029470
                                CRIVELLO CARLSON, S.C.
                                Attorneys for Defendants, Joseph Konrath
                                and Cameron Klump
                                710 N. Plankinton Avenue
                                Milwaukee, WI 53203
                                Telephone: 414.271.7722
                                Fax: 414.271.4438
                                Email: shall@crivellocarlson.com
                                            smills@crivellocarlson.com