AMYIAH COHOON, a minor,
by and through her parents,
Richard Cohoon and Angela Cohoon,

     *Plaintiff*,

                                 Case No. 2:20-CV-620-JPS

v.

JOSEPH KONRATH and CAMERON KLUMP,

     *Defendants*.

---

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

---

Defendants, Sheriff Joseph Konrath and Sergeant Cameron Klump, by and through their attorneys, hereby submit this Brief in Opposition to Plaintiff's Motion for Preliminary Injunction.

## <u>INTRODUCTION</u>

Ms. Cohoon bases her entire argument on an inaccurate version of the facts, mischaracterizing Defendants' actions as threats that broadly violated her First Amendment rights. The critical allegations contained in sworn declarations submitted in support of Ms. Cohoon's motion are rebutted by Sergeant Klump's audiovisual recording of the incident and demonstrate that she cannot meet her burden of proof because she was never actually threatened with retaliation for her speech. Moreover, as set forth in Defendants' Brief in Support of Summary Judgment being filed concurrently herewith, Defendants had probable cause to refer Ms. Cohoon for citation for disorderly conduct, had they chosen to do so. The existence of probable cause is a bar to a claim of First

1

Amendment retaliation. For these reasons and those outlined below, the Court should deny Plaintiff's Motion for Preliminary Injunction.

## **ARGUMENT**

I. **INJUNCTIVE RELIEF IS A DRASTIC REMEDY THAT SHOULD NOT BE GRANTED AS A MATTER OF COURSE**

A. **Standard of Review**

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Goodman v. Illinois Dept. of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). The purpose of a preliminary injunction is to preserve the status quo pending trial. *See Lawson Prods., Inc. v. Avnet, Inc.*, 782 F.2d 1429, 1435 (7th Cir.1986). When confronted with a motion for a preliminary injunction, a district court proceeds in two distinct phases: a threshold phase and, if necessary, a balancing phase. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America, Inc.,* 549 F.3d 1079, 1085–86 (7th Cir. 2008). If the Court determines that Plaintiff fails to establish any of the threshold elements, it must deny the injunction. *Id.* If, however, the Court finds that Plaintiff passes the initial threshold, it then proceeds to the balancing phase of the analysis. *Id.*

In the threshold phase, the moving party "must show that it has (1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits.'" *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012), *quoting Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). In cases where alleged First Amendment violations are at issue, "the likelihood of success

2

on the merits will often be the determinative factor." *Joeiner v. Vill. of Washington Park, Ill.*, 378 F.3d 613, 620 (7th Cir. 2004).

In the balancing phase, the Court weighs the irreparable harm that Plaintiff would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the Court granted the requested relief. *Collegians for a Constructive Tomorrow-Madison v. Regents of Univ. of Wisconsin Sys.,* 698 F. Supp. 2d 1058, 1066 (W.D. Wis. 2010). In doing so, courts employ a sliding scale approach: "[t]he more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Id., quoting Girl Scouts*, 549 F.3d at 1086 (internal quotation marks omitted). Crucially, this balancing process should also encompass any effects that granting or denying the preliminary injunction would have on nonparties—something courts have termed the "public interest." *See O'Brien v. Town of Caledonia*, 748 F.2d 403, 408–09 (7th Cir. 1984).

In the context of a First Amendment case, some consideration of public interest is implicit in addressing the likelihood of success on the merits. Of course, the public has a strong interest in the vindication of an individual's constitutional rights. This interest is also implicated in protecting societal order and providing for public health and safety. *See Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 560–61 (1991). "The character of every act depends upon the circumstances in which it is done." *Schenck v. U.S.*, 249 U.S. 47, 52 (1919), *citing Aikens v. Wisconsin*, 195 U.S. 194, 205-206 (1904).

Because Ms. Cohoon cannot demonstrate some likelihood of success on the merits, her motion fails in the threshold stage. Further, even if Ms. Cohoon could proceed

to the balancing phase, her motion still fails because the balance of equities is not in her favor.

**B.     Plaintiff is Not Likely to Succeed on the Merits**

To obtain preliminary injunctive relief, Ms. Cohoon must demonstrate a likelihood of success on her claim that Defendants retaliated against her for protected speech. She must show that she is likely to prevail in establishing every element: 1) that she engaged in activity protected by the First Amendment; 2) that she suffered a deprivation that would likely deter future First Amendment activity; and 3) that her protected activity was a motivating factor in Defendants' decisions. In cases where alleged First Amendment violations are at issue, "the likelihood of success on the merits will often be the determinative factor." *Joeiner v. Vill. of Washington Park, Ill.*, 378 F.3d 613, 620 (7th Cir. 2004). As Ms. Cohoon recognizes, she must also show that she is likely to prevail on her arguments about lack of probable cause. (*See* Dkt. No. 3-1, p. 11-12.)

Ms. Cohoon broadly assumes that her social media post was protected speech and incorrectly claims that she was threatened with citation, arrest, and jail. For all of the reasons set forth Defendants' Motion for Summary Judgment, Ms. Cohoon is not likely to succeed on the merits of any of the elements of her claim and the analysis of her motion for preliminary injunction ends here.

**C.     The Balance of Equities Weighs Against Plaintiff and in Favor of the Public Interest**

The less likely a plaintiff is to succeed on the merits, the more the balance of harms must weigh in her favor. Because Ms. Cohoon's First Amendment rights were not violated, she is not likely to suffer any irreparable harm if the Court denies her motion for

4

a preliminary injunction. More importantly, there exists a substantial governmental interest in protecting societal order. *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 560–61 (1991). States' police powers are defined as the authority to provide for public health and safety. *See id.*, *citing Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 61 (1973); *see also City of Erie v. Pap's A.M.*, 529 U.S. 277, 296 (2000). "[I]n the individual versus public interest assessment, the public interest is entitled to very heavy weight in the measuring scales." *Choudhry v. Jenkins*, 559 F.2d 1085, 1089 (7th Cir. 1977).

Thus, given the low likelihood of success on the merits of her claims, Ms. Cohoon bears a high burden of showing that the alleged harm she will suffer in the absence of an injunction greatly outweighs the harm to the public interest that will result if her motion is granted. While the loss of First Amendment freedoms is presumed to constitute an irreparable injury, the Court must balance that harm with the public's interest permitting law enforcement to maintain societal order during a global pandemic. Ms. Cohoon's request seeks to have the Sheriff of Marquette County and one its sergeants attempt to continue to perform their law enforcement duties in the midst of a global pandemic while being subjected to a vague, speculative federal injunction.

Under Fed. R. Civ. P. 65(d), a preliminary injunction must state its terms specifically and describe in reasonable detail the act or acts restrained or required. *See* Fed. R. Civ. P. 65(d). It is well settled that these provisions are mandatory and "should be respected." *Brumby Metals, Inc. v. Bargen*, 275 F.2d 46, 49 (7th Cir. 1960). If the enjoined party must engage in guesswork in order to determine if he or she is engaging in an activity proscribed by the preliminary injunction, the injunction is impermissibly vague and cannot be enforced. *See Patriot Homes, Inc. v. Forest River Housing, Inc.*, 512

5

F.3d 412, 415–16 (7th Cir. 2008). The degree of particularity required depends on the nature of the subject matter. *Ideal Toy Corp. v. Plawner Toy Mfg. Corp.*, 685 F.2d 78, 83–84 (3d Cir. 1982) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191–92 (1949)). Additionally, the person enjoined must receive "fair and precisely drawn notice of what the injunction actually prohibits." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 443–44 (1974).

Here, Ms. Cohoon's requested injunction would not serve to protect any First Amendment rights because it seeks to prohibit action that did not happen in the past and has yet to happen in the future, making it impermissibly vague and speculative. Ms. Cohoon's requests for relief in her Complaint, (Dkt. No. 1), and Memorandum in Support of Motion for Preliminary Injunction, (Dkt. No. 3-1), illustrate that Ms. Cohoon does not seek a specific, enforceable, preliminary injunction to stop an ongoing deprivation of First Amendment rights, but instead a vague, overly broad order to prohibit unknown future actions in response to Ms. Cohoon's unknown future speech activity. On page 14 of her Complaint, Ms. Cohoon asks the Court to issue "[a]n injunction prohibiting Defendants from citing Amyiah or her parents for disorderly conduct (or any other crime), arresting them, jailing them, or threatening any of the above, for exercising First Amendment rights, including on social media." (Dkt. No. 1.)

In other words, Ms. Cohoon asks the Court to prohibit Sheriff Konrath and Sergeant Klump from engaging in acts that black-letter constitutional law already prohibit. Ms. Cohoon's request amounts to a request for criminal immunity for future, unspecified, hypothetical speech acts that would protect not only herself as the named Plaintiff in this action, but also her parents, who are not named plaintiffs. *See City of Los*

6

*Angeles v. Lyons*, 465 U.S. 95, 102 (1983) (noting that injunctive relief requires a plaintiff to demonstrate that they are subject to "continuing, present adverse effects" from the alleged government wrongdoing).[1] In short, such an order will provide Ms. Cohoon's social media speech with no more protection than the law already affords, which fails to further the public interest in any meaningful way.

Similarly, page 13 of Ms. Cohoon's Memorandum in Support of Motion for Preliminary Injunction "asks this Court to enter a preliminary injunction prohibiting Defendants from citing Amyiah or her parents for disorderly conduct, arresting them, jailing them, or threatening any of the above, for future speech about Amyiah's scare with COVID-19." (Dkt. No. 3-1.) Again, this request effectively seeks criminal immunity on behalf of a named plaintiff and non-plaintiffs for social media postings that have not yet happened and that ostensibly would be more nuanced than Ms. Cohoon's earlier Instagram posting that is at issue in this case. Specifically, Ms. Cohoon plans to post on social media about her "scare with COVID-19," while her Instagram post that is the focus of her lawsuit stated that she had "beaten the coronavirus." (Dkt. No. 1.) Thus, Ms. Cohoon seeks to enjoin Sheriff Konrath and Sergeant Klump from citing or arresting her not only for expressions of speech that have yet to exist, but for expressions of speech that are of a different substantive nature than that which she alleges was unconstitutionally restricted. For that reason, Ms. Cohoon's request for injunctive relief is not only impermissibly vague, it involves a hypothetical factual scenario that is not on all fours with the facts of this case. The public interest would not benefit from a speculation-based injunction so far removed from the merits of the case.

---

[1] A review of Mr. Cohoon's recent Facebook postings show that he is fully willing and able to exercise his First Amendment rights through social media all without a court order telling him he may do so. (Mills Decl. Ex. 6.)

7

In that vein, Ms. Cohoon's requests for injunctive relief seek to enjoin Sheriff Konrath and Sergeant Klump from subjecting Ms. Cohoon to criminal process that they did not subject her to previously. As the evidence in support of Defendants' Motion for Summary Judgment shows, Ms. Cohoon was not cited, arrested, jailed, or threatened with any of the above in relation to the request to remove her Instagram post. Thus, Ms. Cohoon's request for injunctive relief seeks not to protect her First Amendment rights but seeks to immunize her from governmental acts she did not face previously and that she could only hypothetically or speculatively face in the future. An injunction based on such speculation could not logically protect Ms. Cohoon's First Amendment rights from irreparable, future harm, and thus could not serve the public interest.

## CONCLUSION

Based on the foregoing, Defendants, Joseph Konrath and Cameron Klump, respectfully request that the Court deny Plaintiff's Motion for Preliminary Injunction, and award costs, fees, and such other relief that the Court deems equitable.

Dated this 24th day of April, 2020.

By:   s/ Sara C. Mills
        SAMUEL C. HALL, JR.
        State Bar No.: 1045476
        SARA C. MILLS
        State Bar No.: 1029470
        CRIVELLO CARLSON, S.C.
        Attorneys for Defendants,
        Joseph Konrath and Cameron Klump
        710 N. Plankinton Avenue
        Milwaukee, WI 53203
        Telephone: 414.271.7722
        Fax: 414.271.4438
        Email: shall@crivellocarlson.com
               smills@crivellocarlson.com