IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

AMYIAH COHOON, a minor,
by and through her parents,
Richard Cohoon and Angela Cohoon,

     Plaintiff,

                                          Case No. 2:20-CV-620-JPS

v.

JOSEPH KONRATH and CAMERON KLUMP,

     Defendants.
_____

## DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT
_____

     Defendants, Sheriff Joseph Konrath and Sergeant Cameron Klump, by and through their attorneys, Crivello Carlson, S.C., hereby respond to Plaintiff's Proposed Findings of Fact (Dkt. No. 32) as follows:

     1.    Amyiah Cohoon is a sophomore at Westfield Area High School in Westfield, Wisconsin. Amyiah Cohoon Decl. ¶ 1.

     **Response No. 1:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

     2.    Between March 7 and March 15, Amyiah went on a spring break trip to Disney World and Universal Studios in Florida with her high school's band class. Amyiah Cohoon Decl. ¶ 2; DPFOF ¶ 1.

     **Response No. 2:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

     3.    While Amyiah and her classmates were in Florida, the country began shutting down due to the COVID-19 pandemic. See infra ¶¶ 4–7; DPFOF ¶ 2.

**Response No. 3:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

4. On March 9, Florida Governor Ron DeSantis declared a public health emergency for the State of Florida. See Executive Order Number 20-52, State of Florida, Office of the Governor.

**Response No. 4:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

5. On March 12, Universal Orlando Resort in Florida announced that its theme parks would close on March 15 due to COVID-19. See Universal Orlando Resort Update, (Mar. 12, 2020).

**Response No. 5:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

6. Also on March 12, Wisconsin Governor Tony Evers declared a public health emergency for the State of Wisconsin. See Executive Order #72, Relating to a Proclamation Declaring a Health Emergency in Response to the COVID-19 Coronavirus, State of Wisconsin, Office of the Governor.

**Response No. 6:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

7. On March 13, the Wisconsin Department of Health Services, at the Governor's direction, ordered all Wisconsin Schools to close beginning March 18. See Order for Statewide School Closure, Wisconsin Department of Health Services.

**Response No. 7:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

8. Amyiah and the others on the spring break trip returned home on March 15, earlier than planned, due to the closures in Florida. Amyiah Cohoon Decl. ¶ 3.

**Response No. 8:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

9. Four or five days after she returned, Amyiah began feeling ill. Amyiah Cohoon Decl. ¶ 4.

**Response No. 9:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

10. Her symptoms included a fever and dry cough, symptoms that are consistent with COVID-19. Amyiah Cohoon Decl. ¶ 4.

**Response No. 10:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

11. On March 22, Amyiah began having difficulty breathing, so her mother took her to the emergency room at Divine Savior Hospital in Portage, Wisconsin. Amyiah Cohoon Decl. ¶ 5; Angela Cohoon Decl. ¶ 5.

**Response No. 11:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

12. The doctors there evaluated Amyiah and concluded that her symptoms matched those of COVID-19. Amyiah Cohoon Decl. ¶ 6; Angela Cohoon Decl. ¶ 6.

**Response No. 12: Disputed to the extent that the proposed fact may be an attempt to assert or imply that Amyiah was formally diagnosed with COVID-19 because she was told her "symptoms matched those of COVID-19." As set forth in Plaintiff's Proposed Fact No. 15, Amyiah was diagnosed with an "acute upper respiratory infection, unspecified."**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

13. They told her that they could not test her due to the testing criteria in effect at the time, so they sent Amyiah home with an inhaler and instructions to strictly self-quarantine for 14 days, as required for COVID-19 patients, and to return if her condition deteriorated. Amyiah Cohoon Decl. ¶ 6; Angela Cohoon Decl. ¶ 6.

**Response No. 13:** Disputed to the extent that the proposed fact may be an attempt to assert or imply that Amyiah was a "COVID-19 patient." As set forth in Plaintiff's Proposed Fact No. 15, Amyiah was diagnosed with an "acute upper respiratory infection, unspecified."

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

14. The doctors also told Rick and Angela Cohoon to self-quarantine for 14 days. Rick Cohoon Decl. ¶ 6; Angela Cohoon Decl. ¶ 6.

**Response No. 14:** Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.

15. The discharge order diagnosed Amyiah with an "[a]cute upper respiratory infection, unspecified." Berg Decl. Ex. 1.

**Response No. 15:** Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.

16. The doctors also gave the Cohoons a work release form, which repeated what they were told orally, that "[Amyiah] has symptoms consistent with COVID-19." Berg Decl. Ex. 2.

**Response No. 16:** Disputed to the extent that the proposed fact may be an attempt to assert or imply that Amyiah was formally diagnosed with COVID-19 because she was told she had symptoms "consistent with COVID-19." As set forth in Plaintiff's Proposed Fact No. 15, Amyiah was diagnosed with an "acute upper respiratory infection, unspecified."

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

17. Amyiah was then self-quarantined at home from March 22 until March 25. Amyiah Cohoon Decl. ¶ 8.

**Response No. 17:** Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.

18. On March 25, Amyiah's symptoms worsened, including significant difficulty breathing, so Angela Cohoon took her back to the emergency room at Divine Savior Hospital. Amyiah Cohoon Decl. ¶ 9; Angela Cohoon Decl. ¶ 9; DPFOF ¶ 41.

**Response No. 18:** Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.

19. Divine Savior redirected Amyiah to the UW Children's Hospital in Madison and took her there via ambulance. Amyiah Cohoon Decl. ¶ 9; Angela Cohoon Decl. ¶ 9; DPFOF ¶ 42.

**Response No. 19:** Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.

20. Amyiah was tested for COVID-19 in the evening of March 25 and received the results the following morning. Amyiah Cohoon Decl. ¶ 11; Angela Cohoon Decl. ¶ 11; DPFOF ¶ 43.

**Response No. 20:** Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.

21. The test came back negative, but the doctors told the Cohoons that Amyiah may still have COVID-19 and had simply missed the window for testing positive, and told them to continue the quarantine. Amyiah Cohoon Decl. ¶ 12; Angela Cohoon Decl. ¶ 12; DPFOF ¶ 43; Video at 4:30–47.

**Response No. 21:** Disputed to the extent that the proposed fact may be an attempt to assert or imply that Amyiah was formally diagnosed with COVID-19 because she was told she may have "missed the testing window." As set forth in Plaintiff's Proposed Fact No. 15, Amyiah was diagnosed with an "acute upper respiratory infection, unspecified" and as set forth in Plaintiff's Proposed Fact No. 21, Amyiah tested negative for COVID-19.

Further, object to Plaintiff's citation to the dashcam recording of Rick Cohoon's conversation with Sergeant Klump about what doctors told Amyiah. This is hearsay evidence in violation of Fed. R. Evid. 801(c) and 802. *See also Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) ("Hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial."). Evidence without sufficient foundation for the asserted proposition should be disregarded. *See* Fed. R. Civ. P. 56(c)(4)(e).

Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.

22. Consistent with what the doctors told the Cohoons, the test Amyiah was given contains a disclaimer stating that "Negative results should not be used as the sole basis for patient management decisions and do not preclude SARS-CoV-2 infection." Berg Decl. Ex. 10.

**Response No. 22: In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that Plaintiff has not asserted, let alone established, that doctors told the Cohoons anything about a testing disclaimer or that doctors told the Cohoons anything "consistent with" the language of the alleged disclaimer. Further, the proposed fact is disputed to the extent that it may be an attempt to assert or imply that Amyiah was formally diagnosed with COVID-19 or to assert or imply that she received a false negative test result. As set forth in Plaintiff's Proposed Fact No. 15, Amyiah was diagnosed with an "acute upper respiratory infection, unspecified" and as set forth in Plaintiff's Proposed Fact No. 21, Amyiah tested negative for COVID-19.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

23. Health experts have estimated that "nearly one in three patients who are infected [with COVID-19] are nevertheless getting a negative test result." See Christopher Weaver, Questions About Accuracy of Coronavirus Tests Sow Worry, Wall Street Journal (Apr. 2, 2020).

**Response No. 23: Disputed to the extent that the proposed fact may be an attempt to assert or imply that Amyiah was formally diagnosed with COVID-19 or to assert or imply that she received a false negative test result. As set forth in Plaintiff's Proposed Fact No. 15, Amyiah was diagnosed with an "acute upper respiratory infection, unspecified" and as set forth in Plaintiff's Proposed Fact No. 21, Amyiah tested negative for COVID-19.**

**Additionally, the fact is disputed to the extent that it purports to set forth opinions of "health experts" but cites to a newspaper article (which is accessible only to paid subscribers). Notably, the article only generally refers to "health experts" and "many doctors" without specifically identifying the persons whose opinions are being summarized. Further, it does not provide any citations to supporting evidence; at most, it presents a collection of anecdotal experiences. Evidence without sufficient foundation for the asserted proposition should be disregarded. *See* Fed. R. Civ. P. 56(c)(4)(e). The "opinions" in this article are directly rebutted by declarations from medical experts establishing that, provided that the person is experiencing symptoms at the time of the test, experts do not believe that there is any such thing as "missing the testing window" or a significant percentage of false negative test results. (*See* Dkt. No. 22.)**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

24. Based on what the doctors told them, Amyiah and her parents believed and still believe that her symptoms were caused by COVID-19. Amyiah Cohoon Decl. ¶ 13; Rick Cohoon Decl. ¶ 11; Angela Cohoon Decl. ¶ 13.

**Response No. 24:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

25. Amyiah returned home from the hospital in Madison on March 26. Amyiah Cohoon Decl. ¶ 14; Angela Cohoon Decl. ¶ 14.

**Response No. 25:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

26. After they left the hospital on March 22, Angela Cohoon called the band teacher in charge of the spring break trip to let her know that Amyiah may have contracted COVID-19 so the school could warn other families with students on the trip. Angela Cohoon Decl. ¶ 7.

**Response No. 26:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

27. Angela was unable to reach the teacher, so she left a voicemail but never heard back. Angela Cohoon Decl. ¶ 7.

**Response No. 27:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

28. On March 25, while at the hospital in Madison, Angela received a call from the principal of Westfield High School on an unrelated matter. Angela Cohoon Decl. ¶ 10.

**Response No. 28:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

29. During that call, Angela told the principal about Amyiah's situation, including that she had left a voicemail for the band teacher, and once again suggested that the school may

wish to notify other parents with students on the Florida spring break trip. Angela Cohoon Decl. ¶ 10; DPFOF ¶ 36.

**Response No. 29:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

30. The principal told Angela that he would follow up, but the Cohoons never heard back from either the principal or the teacher. Angela Cohoon Decl. ¶ 10.

**Response No. 30:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

31. Amyiah, wanting to update her friends about her condition, posted three updates to her Instagram account during this experience. Amyiah Cohoon Decl. ¶¶ 7, 10, 15; Berg Decl. Exs. 3, 4.

**Response No. 31:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

32. After she returned home from her first visit to Divine Savior on March 22, Amyiah posted a picture of herself from the spring break trip with the caption, "Hey guys… sorry I've been on a long break.. I wont be back for a while longer due to me no[w] having the COVID-19 virus… I don't want the attention its just the truth… I am now in self quarantine and am not allow[e]d to leave my room and have an inhaler since they said to go home… best of wishes. love you guys." Amyiah Cohoon Decl. ¶ 7; Berg Decl. Ex. 3.

**Response No. 32:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

33. On March 25, Amyiah posted a short update to Instagram that she was "in the ER might need to stay…" Amyiah Cohoon Decl. ¶ 10.

**Response No. 33:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

34. On March 26, after she returned home from her night at the hospital in Madison, Amyiah posted again to Instagram, this time a picture of herself with an oxygen mask on her face, captioned, "I am finally home after being hospitalized for a day and a half. I am still on breathing treatment but have beaten the coronavirus. Stay home and be safe." Amyiah Cohoon Decl. ¶ 15; Berg Decl. Ex. 4–5.

**Response No. 34: Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

35. On March 27, a day after Amyiah returned from the hospital, Defendant Patrol Sergeant Cameron Klump from the Marquette County Sheriff's office came to the Cohoons' home. Amyiah Cohoon Decl. ¶ 16.

**Response No. 35: Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

36. A video recording of Sergeant Klump's stop at the Cohoons' home has been submitted as an exhibit to the Declaration of Stephanie Warren and shows exactly what happened there. Dkt. 20 Ex. 2.

**Response No. 36: Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

37. The video shows that Sergeant Klump spoke to Rick Cohoon first, who explained the facts described above, including that the doctors at UW believed Amyiah may have had COVID-19 even though she tested negative. Video at 1:07–4:50.

**Response No. 37: Disputed to the extent that Defendants have disputed or objected to any of the referenced "facts described above." Further, affirmatively state that the cited evidence speaks for itself.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

38. The video shows that Amyiah came out for the first time around nine minutes in, while Sergeant Klump was arguing with Rick about who was getting tested and why. Video at 9:05–9:35.

**Response No. 38: In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between Rick Cohoon and Sergeant Klump because it characterizes their exchange as Sergeant Klump "arguing." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

39. Amyiah listened to them until Klump said, audibly frustrated, "I don't know the circumstances that you were in. All I'm here for is to figure out what this post is about, seeing she tested negative and *we need to get it taken down*." Video at 9:35–9:48.

**Response No. 39: In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between the Cohoons and Sergeant Klump because it characterizes Sergeant Klump as being "audibly frustrated." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

40. In response to Klump's demand, as any sixteen-year-old would, Amyiah quickly said, "will do," but she remained outside. Video at 9:48–49.

**Response No. 40: In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between the Cohoons and Sergeant Klump because it characterizes Sergeant Klump's statement as a "demand." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.**

**Further dispute the portion of the fact asserting that "any sixteen year old" would respond as Amyiah did because Plaintiff has not provided any evidence to support the assertion other than a citation to the dashcam video. Evidence without sufficient**

**foundation for the asserted proposition should be disregarded.** *See* **Fed. R. Civ. P. 56(c)(4)(e).**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

41. Rick, however, continued to resist Klump's demand on Amyiah's behalf, attempting to explain to Klump that "people … need to understand what happened to her." Video at 10:52–11:43.

**Response No. 41:** **In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between the Cohoons and Sergeant Klump because it characterizes Sergeant Klump's statement as a "demand." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

42. Undeterred, Klump interrupted again, "Nonetheless, can we get the post taken down?" Video at 12:15–12:17.

**Response No. 42:** **In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between the Cohoons and Sergeant Klump because it characterizes Sergeant Klump as being "undeterred." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

43. Both Amyiah and Angela quickly said "yes," but Rick objected, "Wait a minute, why does it need to come down? What has been violated here lawfully?" Video at 12:17–12:26.

**Response No. 43:** **Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

44. Klump responded in a cautionary tone, "Because the health department has the information of her test results, that she is not positive." Video at 12:26–12:33.

**Response No. 44:** In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between the Cohoons and Sergeant Klump because it characterizes Sergeant Klump as using a "cautionary tone." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

45. Rick continued to object that "they don't have the information from when she was originally seen," so Angela told Amyiah to go inside the house. Video at 12:32–12:49.

**Response No. 45: Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

46. As Amyiah began stepping inside, Klump said, "Richard, I don't want to go this far. It was as simple as me coming out here and just getting the post taken down," and Rick responded "And I don't believe the post needs to come down." Video at 12:46–12:57.

**Response No. 46: Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

47. Sergeant Klump then directly threatened both Rick and Angela, "If it doesn't come down, the Sheriff has directed me to issue disorderly conduct citations if not start taking people to jail." Video at 12:58–13:04.

**Response No. 47:** In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between Rick and Angela Cohoon and Sergeant Klump because it characterizes Sergeant Klump's statement as a "threat." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

48. After hearing this threat, Angela waited a moment to see how Rick would respond and, seeing no further resistance to removing the post, she went inside, came back out briefly to

say, "she's taking it down now," and then returned inside by Amyiah for the next seven minutes until Amyiah came out to show that she had removed the post. Video at 13:23–13:47; 20:45–21:20.

**Response No. 48: In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between the Cohoons and Sergeant Klump because it characterizes Sergeant Klump's statement as a "threat." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

49. After Amyiah deleted her post, and while she was still outside, Rick expressed frustration with Sergeant Klump's threat: "[Y]ou have a student in the school that is possibly positive. Most likely was. And you guys want to threaten somebody with going to jail over it and add insult to injury?" Video at 21:50–22:04.

**Response No. 49: In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between the Cohoons and Sergeant Klump because it characterizes Sergeant Klump's statement as a "threat." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

50. A minute later Rick mentioned the threat again, and this time Klump implicitly acknowledged the threat, again in front of Amyiah: "Rick: People need to know that this shit is going on. And it doesn't do any good when you can't warn them when you got a Sheriff's department threatening to throw people in jail over it. Klump: I'm just doing what we can do as a Sheriff's Office. Okay?" Video at 23:16–23:32.

**Response No. 50: In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the**

**extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between the Cohoons and Sergeant Klump because it characterizes Sergeant Klump's statement as a "threat." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.**

**Additionally, the cited evidentiary material does not support the assertion that Sergeant Klump's statement "I'm just doing what we can do as a Sheriff's Office" in any way implicitly or explicitly "acknowledged the threat." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

51. Sergeant Klump's incident report states that he went to the Cohoons' home, at Sheriff Konrath's direction, to "have the post removed from [Amyiah's] social media" and notes that he "advise[d] Richard that if they were not willing to take the post down, that there would be the possibility of a County Ordinance Disorderly Conduct or being arrested for Disorderly Conduct." Berg. Decl. Ex. 5 at 4–5.

**Response No. 51: Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

52. Sergeant Klump asked Sheriff Konrath to review this incident report to "see if you would like me to make any corrections before I submit it?" Sheriff Konrath responded, "I reviewed your report and it is accurate and to the point." Berg Decl. Ex. 11.

**Response No. 52: Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

53. After Sergeant Klump left, out of an abundance of caution and fear, Amyiah also deleted her first Instagram post. Amyiah Cohoon Decl. ¶ 21; Rick Cohoon Decl. ¶ 22.

**Response No. 53: Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

54. Later that evening, the Cohoons discovered that, earlier in the day, Westfield District Administrator Bob Meicher had sent a news update to families in the school district that included a statement about Amyiah's posts. Rick Cohoon Decl. ¶ 23; Berg Decl. Ex. 7.

**Response No. 54: Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

55. The update read:

It was brought to my attention today that there was a rumor floating out there that one of our students contracted Covid-19 while on the band trip to Florida two weeks ago. Let me assure you there is NO truth to this. This was a foolish means to get attention and the source of the rumor has been addressed. This rumor had caught the attention of our Public Health Department and she was involved in putting a stop to this nonsense. In times like this, the last thing we need out there is misinformation. I asked her to prepare a short statement for the purpose of this update. I've pasted it below.

Berg Decl. Ex. 7.

**Response No. 55: Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

56. Amyiah is upset about this post by the school district and concerned about the effect this post might have on her friends and teachers, but she is afraid to respond to it because of the previous threat by the Sheriff. Amyiah Cohoon Decl. ¶¶ 24–25.

**Response No. 56: In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between the Cohoons and Sergeant Klump because it characterizes Sergeant Klump's statement as a "threat." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

57. With the threats from law enforcement looming over her head, Amyiah has felt unable to respond on social media to Meicher's allegations, and she is now afraid of returning to

15

Case 2:20-cv-00620-JPS   Filed 05/29/20   Page 15 of 18   Document 35

school due to what her classmates and teachers will think about her. Amyiah Cohoon Decl. ¶¶ 23–24.

**Response No. 57: In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between the Cohoons and Sergeant Klump because it characterizes Sergeant Klump's statements as a "threat." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded. Further, the proposed fact is not supported because Plaintiff only vaguely refers to "threats from law enforcement" without identifying the specific "threats" and without identifying the "law enforcement" making the alleged threats.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

58. Amyiah wishes to continue to post about her scare with COVID-19, to repost the posts she was ordered to delete, and to address Meicher's statements about her, but she is afraid to do so. Amyiah Cohoon Decl. ¶¶ 24–26.

**Response No. 58: In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of the conversation between the Cohoons and Sergeant Klump because it characterizes Sergeant Klump's statements to her as an "order." The cited evidence speaks for itself and any attempt to subjectively characterize the evidence should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of Defendants.**

59. Amyiah has not posted anything further on social media about her experience since the incident. Amyiah Cohoon Decl. ¶ 27.

**Response No. 59: Undisputed. This proposed fact does not preclude summary judgment in favor of Defendants.**

60. On April 3, undersigned counsel sent a letter to Sheriff Konrath on the Cohoons' behalf. Berg Decl. Ex. 8.

16
Case 2:20-cv-00620-JPS    Filed 05/29/20    Page 16 of 18    Document 35

**Response No. 60:** Defendants object to the use of the cited material under Fed. R. Evid. 408. Such pre-suit communications are inadmissible and therefore should be disregarded under Fed. R. Civ. P. 56(c)(2).

61. The letter described the Cohoons' recollection of what happened on March 27 and asked Sheriff Konrath to either acknowledge the violation and provide some assurance that the Marquette County Sheriff's Office would not cite, arrest, or jail Amyiah or her parents for future, similar speech, or, if any portion of the Cohoons' recollection was inaccurate, to explain and to provide "any and all documents in your possession which would support your belief as to the facts" under Wisconsin's open-records law. Berg Decl. Ex. 8.

**Response No. 61:** Defendants object to the use of the cited material under Fed. R. Evid. 408. Such pre-suit communications are inadmissible and therefore should be disregarded under Fed. R. Civ. P. 56(c)(2).

62. Sheriff Konrath declined to acknowledge the violation or to provide any mitigating explanation, and instead hired counsel who responded in an email on April 10 that Amyiah's speech was not protected by the First Amendment, but was the equivalent of "screaming fire in a crowded movie theater." Berg Decl. Ex. 9 at 1.

**Response No. 62:** Defendants object to the use of the cited material under Fed. R. Evid. 408. Such pre-suit communications are inadmissible and therefore should be disregarded under Fed. R. Civ. P. 56(c)(2).

63. The only thing Sheriff Konrath offered the Cohoons was a letter stating that "his Department's investigation into [Amyiah's prior posts] is complete." Berg Decl. Ex. 9 at 1.

**Response No. 63:** Defendants object to the use of the cited material under Fed. R. Evid. 408. Such pre-suit communications are inadmissible and therefore should be disregarded under Fed. R. Civ. P. 56(c)(2).

Dated this 29th day of May, 2020.

By:    s/ Sara C. Mills
      SAMUEL C. HALL, JR.

State Bar No.: 1045476
SARA C. MILLS
State Bar No.: 1029470
CRIVELLO CARLSON, S.C.
Attorneys for Defendants, Joseph Konrath
and Cameron Klump
710 N. Plankinton Avenue
Milwaukee, WI 53203
Telephone: 414.271.7722
Fax: 414.271.4438
Email: shall@crivellocarlson.com
        smills@crivellocarlson.com