

**WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.**
330 E. Kilbourn Ave., Suite 725, Milwaukee, WI 53202-3141
414-727-WILL
Fax 414-727-6385
www.will-law.org

June 25, 2021

Honorable Brett Ludwig
United States Courthouse Room 271
517 East Wisconsin Avenue
Milwaukee, WI 53202

Re: *Cohoon v. Konrath*, Case No. 2:20-CV-620

Dear Judge Ludwig,

      Plaintiff submits this letter, consistent with Federal Rule of Appellate Procedure 28(j), to call this Court's attention to the Supreme Court's recent decision in *Mahonoy Area School District v. B.L.* (June 23, 2021),[1] which supports Plaintiff's outstanding motion for summary judgment. While the case involved a *school's* ability to regulate off-campus speech, the Court reaffirmed multiple principles relevant here: (1) "[M]inors are entitled to a significant measure of First Amendment protection," slip op. 5 (quoting *Brown v. Entertainment Merchants Assn.*, 564 U. S. 786, 794 (2011); (2) off-campus, online speech (a snapchat post in that case) is especially protected, such that a school's regulation of such speech will "rarely" be justified, slip op. 7–8; and (3) evidence that speech "upset" others is insufficient to meet *Tinker*'s (393 U.S. 503) "demanding standard" of a "'substantial disruption' of a school activity or a threatened harm to the rights of others that might justify [a] school's" regulation of speech, slip op. 10–11.

      Moreover, Justice Alito's concurrence noted that other government officials who do not stand "in loco parentis" to students, slip op. 10—like Defendants in this case—have even less room to police a minor's online speech: "Suppose that B. L. had been enrolled in a private school and did exactly what she did in this case—send out vulgar and derogatory messages that focused on her school's cheerleading squad. *The Commonwealth of Pennsylvania would have had no legal basis to punish her and almost certainly would not have even tried*." Slip op., Alito concurrence, at 3. Defendants in this case did try; they threatened to punish Plaintiff for speech that was not in any way vulgar, derogatory, threatening, or disruptive, but simply shared her experience of her scare with COVID. This Court should affirm that Defendants violated her First Amendment rights.

      Respectfully,

      Luke Berg

---

[1] Slip opinion available at https://www.supremecourt.gov/opinions/20pdf/20-255_g3bi.pdf.